**ABUBAKARR A. CONTEH SR.**, *Pro Se*

5731 Colchester Drive

Prosper, TX 75078

Telephone: (240) 672-1138

Email: wardogs80thplatoon@yahoo.com



**FILED**

APR 1 3 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF TEXAS

### SHERMAN DIVISION

| | |
|---|---|
| **ABUBAKARR A. CONTEH SR.**, *Pro Se Plaintiff*, v. TOWN OF PROSPER, TEXAS; **SGT. MICHAEL ALONSO, Badge #51**, individually and in his official capacity; **OFFICER HEARST (First Name Unknown)**, individually and in his official capacity; **JOHN DOE OFFICERS 1–3**, individually and in their official capacities; **INTERIM CHIEF GARY MYERS**, individually and in his official capacity; **AMBER WRAY**, in her official capacity; and **KATHY STEVENS**, in her official capacity, *Defendants.* | **Civil Action No. _____** **JURY TRIAL DEMANDED** |

**PRO SE PLAINTIFF'S ORIGINAL COMPLAINT, JURY DEMAND,**
**AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Filed Pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3),

and Supplemental State Law Claims)

# I. PRO SE PLAINTIFF'S NOTICE AND DECLARATION

**NOTICE:** Plaintiff Abubakarr A. Conteh Sr. is proceeding *pro se* — that is, without representation by an attorney. This complaint is entitled to liberal construction by this Court. *See* ***Haines v. Kerner***, 404 U.S. 519, 520–21 (1972) (pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers); ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007) (a document filed Pro Se is to be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers).

Plaintiff respectfully advises the Court that he is a former federal law enforcement officer with the Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE), and a veteran of the United States Army Reserve. While not an attorney, Plaintiff has professional familiarity with legal processes, evidentiary standards, and law enforcement procedures.

All factual allegations in this complaint are based on Plaintiff's personal knowledge, sworn witness statements, official government records (including Computer-Aided Dispatch records), rulings by the Office of the Attorney General of Texas, and contemporaneous documentation. Plaintiff has made every effort to present these allegations with the specificity required under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff consents to electronic notice and filing through the Court's CM/ECF system and will file the Invitation to Non-Prisoner Pro Se to E-Filing form contemporaneously.

# TABLE OF CONTENTS

**I.** Pro Se Plaintiff's Notice and Declaration

**II.** Nature of the Action

**III.** Jurisdiction and Venue

**IV.** Parties

**V.** Statement of Facts

A. The November 16, 2025 Incident (CFS #25031480)

B. The December 19, 2025 Incident (CFS #25034767)

C. Systematic Obstruction of Texas Public Information Act Rights

D. The 2015 Incident — Warrantless Entry, False Arrest, and Illegal Seizure

E. Pattern Evidence — *Johnson v. Town of Prosper* (E.D. Tex.)

F. Exhaustion of Local Remedies and Multi-Agency Referrals

**VI.** Tolling, Continuing Violations, and Relation-Back

**VII.** Causes of Action

Count I: Unreasonable Seizure — Fourth Amendment (November 16, 2025)

Count II: First Amendment Retaliation — Retaliatory Police Conduct (November 16, 2025)

Count III: First Amendment Retaliation — Intimidation During Citizen Complaint Filing (December 19, 2025)

Count IV: First Amendment Retaliation — Obstruction of Public Information Act Rights

Count V: Fourteenth Amendment — Substantive Due Process (False Statements and Records Manipulation)

Count VI: Fourth Amendment — Unlawful Entry, False Arrest, and Illegal Seizure (2015 Incident)

Count VII: Municipal Liability Under *Monell v. Department of Social Services* (Town of Prosper)

Count VIII: Conspiracy to Deprive Civil Rights — 42 U.S.C. § 1985(3)

Count IX: Failure to Intervene

Count X: Supervisory Liability — Interim Chief Gary Myers

Count XI: State Law — Texas Civil Practice and Remedies Code § 106.002

**VIII.** Prayer for Relief

**IX.** Jury Demand

**X.** Verification Under 28 U.S.C. § 1746

**XI.** Pro Se Plaintiff's Signature and Certificate of Service

**Appendix A:** Filing Checklist and Companion Documents

# II. NATURE OF THE ACTION

1. Plaintiff Abubakarr A. Conteh Sr., proceeding *pro se*, brings this civil rights action under **42 U.S.C. § 1983 and 42 U.S.C. § 1985(3)**, with supplemental state law claims under **28 U.S.C. § 1367**, against the Town of Prosper, Texas, and individual officers and officials of the Prosper Police Department for violations of his **First, Fourth, and Fourteenth Amendments** rights under the United States Constitution.

2. Plaintiff is a former federal employee with the Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE), and a veteran of the United States Army. Plaintiff resides at 5731 Colchester Drive, Prosper, TX 75078, within the Eastern District of Texas.

3. This action arises from a documented pattern of unconstitutional conduct by officers of the Prosper Police Department, including: (a) an aggressive, unjustified police response by four officers to Plaintiff's residence on November 16, 2025, based on a 911 call that Computer-Aided Dispatch (CAD) records confirm did not originate from Plaintiff's address; (b) retaliatory intimidation during Plaintiff's exercise of his constitutional right to file a citizen complaint on December 19, 2025, including the unauthorized running of Plaintiff's driver's license number over police radio and creation of a retaliatory CAD entry; (c) systematic obstruction of Plaintiff's exercise of his First Amendment right to petition for public records under the Texas Public Information Act; (d) false official statements and manipulation of government records; and (e) a 2015 incident involving warrantless entry into Plaintiff's home, false arrest, and illegal seizure of Plaintiff's federal law

enforcement credentials and personal firearm — charges subsequently No-Billed by a Denton County Grand Jury on December 17, 2015.

4. This pattern is not isolated to Plaintiff. It is independently corroborated by the pending federal litigation in *Johnson v. Town of Prosper*, No. 4:23-cv-00650 (E.D. Tex.), in which Chief Judge Amos L. Mazzant of this Court denied the Town's Motion to Dismiss on municipal liability grounds and denied qualified immunity for Lt. Paul Boothe on First Amendment and Fourth Amendment retaliatory arrest claims arising from Texas Public Information Act requests — the same type of retaliatory conduct alleged here.

5. Plaintiff seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, and attorneys' fees and costs under **42 U.S.C. § 1988**. Although proceeding *pro se*, Plaintiff respectfully notes that § 1988 authorizes the award of reasonable attorneys' fees to prevailing *pro se* plaintiffs in certain circumstances, and Plaintiff reserves all rights under that provision, including the right to seek appointment of counsel at a later stage of this proceeding.

## III. JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under **28 U.S.C. § 1331** because this action arises under the Constitution and laws of the United States, specifically **42 U.S.C. §§ 1983** and **1985(3)** and the **First, Fourth, and Fourteenth Amendments.**

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under **28 U.S.C. § 1367(a)** because they arise from the same case or controversy as the federal claims.

8. Venue is proper in the Eastern District of Texas, Sherman Division, under **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to the claims occurred in Prosper, Texas, located in Denton County and Collin County, both within the Sherman Division of the Eastern District of Texas.

9. This Court has personal jurisdiction over all Defendants because they reside in, are domiciled in, or performed the acts complained of within the State of Texas and within this judicial district.

10. Declaratory relief is authorized under **28 U.S.C. §§ 2201** and **2202**. Attorneys' fees and costs are authorized under **42 U.S.C. § 1988**.

# IV. PARTIES

11. *Pro Se* **Plaintiff Abubakarr A. Conteh Sr.** is a natural person, a citizen of the United States, and a resident of Prosper, Texas. Plaintiff resides at 5731 Colchester Drive, Prosper, TX 75078. Plaintiff is a former federal employee with DHS/ICE and a veteran of the United States Army. At all times relevant to this Complaint, Plaintiff was engaged in constitutionally protected activity, including filing citizen complaints, requesting public records under the Texas Public Information Act, and petitioning government for redress of grievances.

12. **Defendant Town of Prosper, Texas** ("the Town") is a municipal corporation organized under the laws of the State of Texas, located in Denton County and Collin County. The Town is a "person" subject to suit under **42 U.S.C. § 1983** pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Town employs, trains, supervises, and disciplines the individually named Defendants and is responsible for the policies, customs, and practices of the Prosper Police Department.

13. **Defendant SGT Michael Alonso, Badge #51** ("Alonso"), is a natural person and, at all times relevant, was employed as a Sergeant by the Prosper Police Department. Alonso is sued in both his individual and official capacities. On December 19, 2025, Alonso received Plaintiff's citizen complaint, improperly ran Plaintiff's Texas driver's license number over police radio, and generated a self-initiated CAD entry (CFS #25034767) during the complaint-filing process — conduct constituting retaliation and intimidation.

14. **Defendant Officer Hearst (First Name Unknown)** ("Hearst") is a natural person and, at all times relevant, was employed as an officer by the Prosper Police Department. Hearst is sued in both his individual and official capacities. On November 16, 2025, Hearst was one of four officers who responded to Plaintiff's residence in connection with CFS #25031480. Hearst subsequently provided false or misleading characterizations of the encounter as a routine "welfare check" — contradicted by the number of officers, their aggressive demeanor, and the CAD record.

15. **Defendants John Doe Officers 1 through 3** ("Doe Officers") are natural persons whose identities are presently unknown to Plaintiff. At all times relevant, the Doe Officers were employed as officers by the Prosper Police Department and responded to Plaintiff's residence on November 16, 2025 (CFS #25031480). They are sued in both their individual and official capacities. Plaintiff will amend this Complaint to identify the Doe Officers by name upon discovery.

16. **Defendant Interim Chief Gary Myers** ("Myers") is a natural person and, at all times relevant, served as the Interim Chief of Police of the Prosper Police Department. Myers is sued in both his individual and official capacities. As Interim Chief, Myers is the final policymaker for the Prosper Police Department on matters of law enforcement policy, discipline, and training. Myers received or had constructive knowledge of Plaintiff's Formal Misconduct Complaint and Escalation Notice (February 23 / March 8, 2026) and failed to take any corrective action.

17. **Defendant Amber Wray** ("Wray") is a natural person and, at all times relevant, was employed as a dispatcher by or for the Prosper Police Department or Collin County dispatch. Wray is sued in her official capacity only. Wray's own CAD notation for CFS #25031480 confirmed the 911 call did not originate from Plaintiff's residence — a fact that should have prevented or de-escalated the response.

18. **Defendant Kathy Stevens** ("Stevens") is a natural person and, at all times relevant, was employed as a dispatcher by or for the Prosper Police Department or Collin County dispatch. Stevens is sued in her official capacity only.

19.At all times relevant, each individual Defendant was acting under color of state law within the meaning of **42 U.S.C. § 1983**.

# V. STATEMENT OF FACTS

## A. The November 16, 2025 Incident (CFS #25031480)

20. On November 16, 2025, four officers of the Prosper Police Department responded to Plaintiff's residence at 5731 Colchester Drive, Prosper, Texas 75078, in connection with a 911 call, designated as Call for Service (CFS) #25031480.

21. Computer-Aided Dispatch (CAD) records for CFS #25031480 contain a notation by dispatcher Amber Wray confirming that the 911 call did not originate from Plaintiff's residence at 5731 Colchester Drive.

22. Despite this fact — known or accessible to responding officers through the dispatch system — four officers arrived at Plaintiff's residence in force.

23. Upon arrival, the officers spoke aggressively, demanded that Plaintiff produce identification, and refused to disclose the basis for their presence or the nature of the 911 call.

24. Plaintiff's wife, Thairu Leigh-Conteh was present during the encounter. Mrs. Conteh has provided a sworn witness statement corroborating the officers' aggressive demeanor, their refusal to explain the reason for the response, and the intimidating nature of the encounter.

25. Plaintiff's neighbor, Christina Grant, independently confirmed that no distress, disturbance, or emergency was observed at Plaintiff's residence. Ms. Grant has provided a sworn witness statement corroborating the officers' aggressive demeanor, their refusal to leave Plaintiff's residence and the intimidating nature of the encounter.

26. No offense was documented, no suspect was identified, no arrest was made, no citation was issued, and no criminal investigation was initiated. The CAD record confirms: no offense, no suspect, no case, no charges.

27. Defendant Officer Hearst subsequently attempted to characterize the encounter as a routine "welfare check." This characterization is contradicted by: (a) the number of officers who responded; (b) the aggressive tone and demeanor; (c) the demand for identification without stated legal basis; (d) the refusal to explain the nature of the call; and (e) the CAD record documenting that the 911 call did not originate from Plaintiff's residence.

28. Upon information and belief, the November 16, 2025 response was pretextual, retaliatory, and/or racially motivated. No legitimate law enforcement purpose justified the deployment of four officers to a residence that was not the source of a 911 call.

## B. The December 19, 2025 Incident (CFS #25034767)

29. On December 19, 2025, Plaintiff appeared in person at the Prosper Police Department to exercise his constitutional right to file a formal citizen complaint regarding the November 16 incident.

30. SGT Michael Alonso, Badge #51, was designated to receive Plaintiff's complaint.

31. During the complaint-filing process, SGT Alonso requested Plaintiff's Texas driver's license, purportedly for identification.

32. SGT Alonso then improperly ran Plaintiff's driver's license number over police radio — an action with no legitimate connection to receiving a citizen complaint and constituting unauthorized use of law enforcement databases.

33. SGT Alonso further generated a self-initiated CAD entry (CFS #25034767). Creating a CAD entry for the filing of a citizen complaint — when no offense, crime, or law enforcement event occurred — constitutes the creation of a false or misleading government record and an act of intimidation.

34. These actions served no legitimate law enforcement purpose. They constituted intimidation and retaliation against Plaintiff for exercising his First Amendment rights to petition for redress of grievances and to file a complaint against government officials.

35. A Prosper Police Department Citizen Formal Complaint Form was completed by Plaintiff and filed in person on February 5, 2026, at the Prosper Police Department. The complaint was witnessed by Assistant Chief Scott M. Brewer. The complaint specifically identified SGT Michael Alonso (Badge #51) by name and documented the following allegations: (a) that SGT Alonso ran Plaintiff's identification card without lawful justification or reasonable suspicion during the December 19, 2025 complaint-filing encounter; (b) that such conduct was inconsistent with department policies governing detentions, investigative stops, and database inquiries involving a citizen's personal information; (c) that SGT Alonso's actions constituted an improper use of police authority that undermines public trust and raises concerns about arbitrary or discriminatory enforcement; and (d) that the complaint requested the Department conduct a full and impartial investigation, determine whether department policy, state law, or constitutional protections were violated, preserve all relevant evidence including body-worn camera footage, dispatch logs, and officer reports, and provide written notification of findings and any corrective action taken. No substantive response to this formal complaint has been received.

## C. Systematic Obstruction of Texas Public Information Act Rights

36. Plaintiff has submitted multiple requests for public records under the Texas Public Information Act (TPIA), Texas Government Code Chapter 552, including PIA 2021-810, PD-2025-1462, PD-2025-1510, and PD-2025-1594.

37. The Town of Prosper, through its counsel Brown & Hofmeister, LLP, and through the Prosper Police Department, has systematically obstructed, delayed, and improperly denied Plaintiff's TPIA requests.

38. In multiple instances, the Town invoked Section 552.108(a)(2) of the Texas Government Code — the law enforcement exception — to withhold records. This exception permits withholding only when disclosure would interfere with the detection, investigation, or prosecution of crime.

39. CAD records for CFS #25031480 demonstrate that no criminal investigation was initiated, no offense was documented, no suspect was identified, no case was opened, and no charges were filed. The invocation of Section 552.108(a)(2) was therefore legally baseless.

40. The Office of the Attorney General of Texas issued two rulings — OR-25-058287-RR and OR-26-001095-RR — finding the Town's withholding claims invalid or insufficiently supported.

41. Despite these rulings, the Town has continued to obstruct Plaintiff's access to public records, creating a chilling effect on Plaintiff's First Amendment right to petition for public information.

42. This retaliatory obstruction mirrors the pattern in *Johnson v. Town of Prosper*, No. 4:23-cv-00650 (E.D. Tex.), in which this Court found plausible First Amendment retaliation claims arising from the Prosper Police Department's retaliation against a citizen for submitting TPIA requests.

## D. The 2015 Incident — Warrantless Entry, False Arrest, and Illegal Seizure (Case #15009196)

43. In or about 2015, officers of the Prosper Police Department conducted a warrantless entry into Plaintiff's home, arrested Plaintiff without probable cause, and seized Plaintiff's federal government credentials (DHS/ICE), personal firearm, ammunition and Military ID Card.

44. Criminal charges were filed. On December 17, 2015, a Denton County Grand Jury issued a No-Bill, declining to indict Plaintiff and confirming the absence of probable cause.

45. While potentially outside the two-year statute of limitations for independent Section 1983 claims, the 2015 incident is directly relevant to the *Monell* pattern-and-practice analysis and is offered as evidence of the Town's longstanding custom of unconstitutional conduct.

46. Upon information and belief, the federal credentials and/or personal firearm seized in 2015 were not returned or were not returned in a timely manner, constituting a continuing deprivation of Plaintiff's property rights. The six rounds of ammunition seized in 2015 were never returned.

## E. Pattern Evidence — Johnson v. Town of Prosper (E.D. Tex.)

47. In *Johnson v. Town of Prosper*, No. 4:23-cv-00650 (E.D. Tex.), Plaintiff Leonard Johnson sued the Town of Prosper, Lt. Paul Boothe, and Chief Doug Kowalski under Section 1983 for First and Fourth Amendment violations arising from Prosper Police Department retaliation against Johnson for submitting TPIA requests.

48. Johnson alleged that after submitting TPIA requests, Lt. Boothe initiated a criminal investigation, obtained a search warrant, arrested Johnson, and secured a felony indictment for impersonating a public servant under Texas Penal Code § 37.11(a)(1). The charges were dismissed with prejudice.

49. On May 30, 2025, Chief Judge Amos L. Mazzant denied the Town's Motion to Dismiss on municipal liability grounds and denied qualified immunity for Lt. Boothe on both First and Fourth Amendment claims.

50. The Court found plausible allegations that Lt. Boothe lacked probable cause, that the investigation and arrest were retaliatory, and that the Town could be liable under *Monell* for a policy, custom, or practice of retaliating against TPIA requestors.

51. The *Johnson* case is currently pending with a Final Pretrial Conference set for July 9, 2026.

52. The *Johnson* case establishes that the Prosper Police Department has a judicially recognized pattern of retaliating against citizens who exercise lawful rights — the identical pattern alleged here.

## F. Exhaustion of Local Remedies and Multi-Agency Referrals

53. On December 19, 2025, Plaintiff filed a formal citizen complaint with the Prosper Police Department regarding the November 16 incident. On February 5, 2026, Plaintiff filed a Prosper Police Department Citizen Formal Complaint Form in person, specifically identifying SGT Michael Alonso (Badge #51) and documenting his unauthorized driver's license query and fabrication of CAD entry CFS #25034767 during the December 19 encounter. The complaint was witnessed by Assistant Chief Scott M. Brewer. Plaintiff requested a full investigation, evidence preservation (including BWC footage, dispatch logs, and officer reports), and written notification of findings. No substantive response has been received. the Prosper Police Department, received by SGT Alonso.

54. On February 23, 2026, Plaintiff submitted a Formal Misconduct Complaint and Escalation Notice, filed with the Department on March 8, 2026.

55. To date, Plaintiff has received no substantive response and no indication of any internal investigation or corrective action.

56. Plaintiff has filed complaints with: (a) the United States Attorney's Office for the Eastern District of Texas; (b) the Federal Bureau of Investigation, Dallas Field Office; (c) the U.S. DOJ Civil Rights Division, Special Litigation Section; (d) the Texas Attorney General (Open Records, Criminal Prosecutions, and Criminal Investigations Divisions); (e) the Texas Commission on Law Enforcement

(TCOLE); and (f) U.S. Representative Brandon Gill (TX-26), Senator John Cornyn, and Senator Ted Cruz.

# VI. TOLLING, CONTINUING VIOLATIONS, AND RELATION-BACK

57. Claims arising from the November 16, 2025 and December 19, 2025 incidents are timely under Texas's two-year statute of limitations for Section 1983 actions. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

58. The systematic obstruction of TPIA requests constitutes a continuing violation. Each act of obstruction renews the limitations period.

59. The 2015 incident is alleged for *Monell* pattern-and-practice purposes.

60. To the extent property seized in 2015 has not been returned, the continuing deprivation tolls the statute of limitations.

61. Plaintiff reserves all tolling doctrines, including equitable tolling, fraudulent concealment, and the discovery rule.

# VII. CAUSES OF ACTION

## COUNT I UNREASONABLE SEIZURE — FOURTH AMENDMENT(November 16, 2025 — Against Officer Hearst, Doe Officers 1–3, and the Town)

62. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

63. The Fourth Amendment to the United States Constitution protects persons against unreasonable seizures.

64. On November 16, 2025, Defendants effected a seizure of Plaintiff's person when they arrived in force, demanded identification, and refused to leave or explain their presence. A reasonable person would not have felt free to terminate the encounter. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

65. The seizure was unreasonable because: (a) CAD records confirmed the 911 call did not originate from Plaintiff's residence; (b) no reasonable suspicion or probable cause existed; (c) four officers created an overwhelming show of force; (d) officers demanded identification without legal basis; and (e) no offense was documented, no arrest made, and no charges filed.

66. This violated clearly established Fourth Amendment principles. No reasonable officer could have believed this response was constitutionally permissible.

67. As a direct and proximate result, Plaintiff suffered emotional distress, anxiety, fear for personal safety and his family's safety, humiliation, loss of dignity, and violation of his right to be secure in his home.

## COUNT II FIRST AMENDMENT RETALIATION — RETALIATORY POLICE CONDUCT (November 16, 2025 — Against Officer Hearst, Doe Officers 1–3, and the Town)

68. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

69. The First Amendment protects the right to petition the government for redress and to engage in protected activity free from government retaliation.

70. Prior to November 16, 2025, Plaintiff had engaged in constitutionally protected activity, including submitting TPIA requests and engaging in advocacy regarding police accountability.

71. Upon information and belief, the aggressive police response on November 16, 2025 was motivated by retaliatory animus toward Plaintiff for exercising First Amendment rights. Deploying four officers to a residence that was not the source of a 911 call supports an inference of retaliatory motive.

72. The absence of any legitimate law enforcement purpose, combined with the aggressive manner of the encounter and subsequent obstruction of records, supports the inference that the November 16 response was designed to intimidate and chill Plaintiff's exercise of protected rights.

73. As a direct and proximate result, Plaintiff suffered emotional distress, chilling of protected activity, anxiety, and damages.

## COUNT III FIRST AMENDMENT RETALIATION — INTIMIDATION DURING CITIZEN COMPLAINT FILING (December 19, 2025 — Against SGT Alonso and the Town)

74. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

75. On December 19, 2025, Plaintiff engaged in constitutionally protected activity by appearing at the Prosper Police Department to file a formal citizen complaint.

76. SGT Alonso's actions — running Plaintiff's driver's license over police radio and generating a self-initiated CAD entry (CFS #25034767) — constituted adverse actions that would chill a person of ordinary firmness from exercising First Amendment rights. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

77. A causal connection exists: the retaliatory actions occurred contemporaneously with and during the protected activity.

78. No legitimate law enforcement purpose justified running Plaintiff's license or creating a CAD entry during receipt of a citizen complaint. Plaintiff was not suspected of any offense.

79. This conduct was undertaken with retaliatory intent. A reasonable jury could find the purpose was to intimidate Plaintiff and chill future complaints.

80. This is directly analogous to the retaliatory conduct in *Johnson v. Town of Prosper*, No. 4:23-cv-00650, where this Court found plausible First and Fourth Amendment retaliation claims.

81. As a direct and proximate result, Plaintiff suffered emotional distress, chilling of protected activity, anxiety, fear of future retaliatory action, and damages.

## COUNT IV FIRST AMENDMENT RETALIATION — OBSTRUCTION OF PUBLIC INFORMATION ACT RIGHTS (Against the Town and Interim Chief Myers)

82. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

83. Plaintiff's submission of TPIA requests is constitutionally protected activity under the First Amendment.

84. The Town systematically obstructed Plaintiff's TPIA requests through bad-faith invocation of Section 552.108(a)(2), despite CAD records confirming no criminal investigation existed.

85. The Office of the Attorney General issued two rulings (OR-25-058287-RR and OR-26-001095-RR) finding the Town's withholding claims invalid.

86. The ongoing obstruction constitutes retaliation because: (a) Plaintiff engaged in protected activity (filing TPIA requests and citizen complaints); (b) the Town took adverse action (systematically obstructing records access); (c) a causal connection exists between the protected activity and the adverse action; and (d) the stated justifications for withholding have been ruled invalid by the Attorney General.

87. As a direct and proximate result, Plaintiff suffered denial of access to public records, chilling of future TPIA activity, inability to fully document and pursue accountability, and damages.

## COUNT V FOURTEENTH AMENDMENT — SUBSTANTIVE DUE PROCESS (False Official Statements and Records Manipulation — Against SGT Alonso, Officer Hearst, and the Town)

88. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

89. The Fourteenth Amendment protects against governmental conduct that "shocks the conscience" and deprives persons of liberty or property without due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998).

90. Defendants created false or misleading government records, including: (a) Officer Hearst's false characterization of the November 16 encounter as a routine "welfare check"; (b) SGT Alonso's creation of a self-initiated CAD entry (CFS #25034767) for the December 19 complaint-filing encounter, creating a false record suggesting a law enforcement event; and (c) false or misleading entries in CAD records regarding the nature and source of the November 16, 2025 response.

91. The creation of false government records concerning a citizen who has exercised First Amendment rights, followed by the use of those records as a basis for withholding public information, shocks the conscience and deprives Plaintiff of due process.

92. As a direct and proximate result, Plaintiff suffered reputational harm, creation of false government records associated with his name and address, deprivation of access to accurate public records, and damages.

## COUNT VI FOURTH AMENDMENT — UNLAWFUL ENTRY, FALSE ARREST, AND ILLEGAL SEIZURE (2015 Incident — Against the Town Under Monell; Continuing Consequences Against All Defendants)

93. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

94. In 2015, Prosper Police officers conducted a warrantless entry into Plaintiff's home, arrested Plaintiff without probable cause, and seized Plaintiff's federal government credentials, Military ID Card, personal firearm and ammunition.

95. A Denton County Grand Jury No-Billed the charges on December 17, 2015, confirming the absence of probable cause.

96. These actions violated Plaintiff's Fourth Amendment rights. The No-Bill conclusively establishes the absence of probable cause for the arrest.

97. While the 2015 arrest itself may be time-barred as a standalone Section 1983 claim, the continuing deprivation of property (unreturned ammunitions) and the incident's relevance to *Monell* pattern analysis bring it within this Complaint.

98. To the extent any property seized in 2015 has not been returned, Plaintiff's Fourth Amendment deprivation-of-property claim is not time-barred.

## COUNT VII MUNICIPAL LIABILITY UNDER MONELL v. DEPARTMENT OF SOCIAL SERVICES (Against the Town of Prosper)

99. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

100. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality is liable under Section 1983 when the execution of a government's policy or custom inflicts a constitutional injury.

101. The Fifth Circuit recognizes municipal liability under the following pathways: (1) an officially adopted policy; (2) a widespread practice so common and well-settled as to constitute a custom with the force of law; (3) a decision by a person with final policymaking authority; (4) ratification by a final policymaker of an unconstitutional action; and (5) a failure to train or supervise amounting to deliberate indifference to known or obvious risks. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847–48 (5th Cir. 2009).

102. The Town of Prosper is liable under each of the following *Monell* pathways:

### Pathway 1: Widespread Custom or Practice

103. The Prosper Police Department has a widespread custom or practice of retaliating against citizens who exercise their lawful rights to file complaints, submit TPIA requests, and petition for government accountability. This custom is evidenced by: (a) the retaliatory conduct against Plaintiff documented herein; (b) the retaliatory investigation, arrest, and indictment of Leonard Johnson for submitting TPIA requests, as alleged in *Johnson v. Town of Prosper*, No. 4:23-cv-00650; and (c) the systematic obstruction of TPIA requests through bad-faith invocation of legal exceptions.

### Pathway 2: Final Policymaker Ratification

104. Interim Chief Gary Myers, as the final policymaker for the Prosper Police Department, received or had constructive knowledge of Plaintiff's complaints and the documented misconduct, and ratified the unconstitutional conduct by failing to initiate any investigation, take corrective action, or discipline the involved officers.

### Pathway 3: Failure to Train and Supervise

105. The Town of Prosper failed to adequately train and supervise its officers regarding: (a) constitutional limitations on police encounters, seizures, and demands for identification; (b) the constitutional right of citizens to file complaints without retaliation; (c) proper handling of TPIA requests consistent with the Government Code and Attorney General rulings; (d) prohibitions on using law enforcement databases for non-law-enforcement purposes; and (e) the duty to create accurate, truthful official records.

106. This failure to train constitutes deliberate indifference because: (a) the risk that officers would retaliate against citizens exercising First Amendment rights was obvious, particularly in light of the *Johnson* litigation; (b) the Town had actual or constructive notice of the pattern of retaliatory conduct; and (c) the failure to train was a moving force behind the constitutional violations suffered by Plaintiff.

**Pathway 4: Policy of TPIA Obstruction**

107. The Town, through its officials and outside counsel Brown & Hofmeister, LLP, maintained a *de facto* policy of obstructing TPIA requests by improperly invoking Section 552.108(a)(2) of the Government Code to withhold records related to police misconduct, even after the Attorney General ruled the withholding invalid.

## COUNT VIII CONSPIRACY TO DEPRIVE CIVIL RIGHTS — 42 U.S.C. § 1985(3) (Against SGT Alonso, Officer Hearst, Doe Officers 1–3, and Interim Chief Myers)

108. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

109.42 U.S.C. § 1985(3) provides a cause of action where two or more persons conspire to deprive any person of the equal protection of the laws or of equal privileges and immunities under the laws.

110. Defendants entered into an agreement, understanding, or concerted plan to deprive Plaintiff of his constitutional rights, as evidenced by: (a) the coordinated four-officer response to a residence that was not the source of the 911 call; (b) the coordinated refusal to explain the basis for the response; (c) SGT Alonso's retaliatory actions during the complaint filing, followed by the department's failure to investigate; and (d) the systematic obstruction of Plaintiff's TPIA requests, which required coordinated action between the Police Department and outside counsel.

111. Upon information and belief, the conspiracy was motivated, at least in part, by racial animus and/or animus toward Plaintiff for exercising his constitutional rights.

112. As a direct and proximate result, Plaintiff was deprived of his constitutional rights and suffered damages.

## COUNT IX FAILURE TO INTERVENE (Against Officer Hearst and Doe Officers 1–3)

113. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

114. Law enforcement officers have an affirmative duty to intervene when they witness a fellow officer violating an individual's constitutional rights, provided they have a reasonable opportunity to intervene. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

115. During the November 16, 2025 encounter, officers present who did not directly perpetrate the constitutional violations failed to intervene to prevent or stop the unreasonable seizure, the unjustified demand for identification, and the aggressive, intimidating conduct.

116. Each officer present had a reasonable opportunity to intervene by, at a minimum, de-escalating the encounter, disclosing the CAD information showing the call did not originate from Plaintiff's residence, or simply discontinuing the encounter.

117. The failure to intervene constitutes an independent constitutional violation.

## COUNT X SUPERVISORY LIABILITY — INTERIM CHIEF GARY MYERS
## (Against Myers in His Individual and Official Capacities)

118. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

119. Under Fifth Circuit precedent, a supervisor may be liable under Section 1983 when the supervisor's conduct demonstrates deliberate indifference to the known or obvious consequences of a failure to act. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

120. Interim Chief Myers demonstrated deliberate indifference by: (a) failing to investigate Plaintiff's initial citizen complaint filed December 19, 2025; (b) failing to investigate the Prosper Police Department Citizen Formal Complaint Form filed February 5, 2026, which specifically identified SGT Michael Alonso (Badge #51) by name, documented his unauthorized driver's license query during a complaint-filing encounter, and requested a full investigation with evidence preservation — a complaint witnessed by Officer Scott M. Brewer; (c) failing to respond to the Formal Misconduct Complaint and Escalation Notice filed March 8, 2026; (d) failing to discipline any officer involved in the documented misconduct; (e) failing to correct the department's systematic TPIA obstruction despite two adverse Attorney General rulings; and (f) allowing the retaliatory pattern to continue unabated despite the pending Johnson v. Town of Prosper litigation involving virtually identical conduct by the same department. despite the pending *Johnson* litigation providing clear notice of the risk.

121. Myers's deliberate indifference was a moving force behind the ongoing constitutional violations suffered by Plaintiff.

## COUNT X ITEXAS CIVIL PRACTICE AND REMEDIES CODE § 106.002
### (Supplemental State Law Claim — Against All Defendants)

122. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

123. Texas Civil Practice and Remedies Code § 106.002 provides a state-law cause of action against any officer or employee of the state or a political subdivision who, acting under color of authority, deprives a person of rights, privileges, or immunities secured by the Texas Constitution.

124. The conduct described herein deprived Plaintiff of rights secured by Article I, Sections 8 (freedom of speech), 9 (unreasonable searches and seizures), 13 (open courts), and 19 (due process) of the Texas Constitution.

125. As a direct and proximate result, Plaintiff suffered all damages set forth herein.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, *Pro Se* Plaintiff Abubakarr A. Conteh Sr. respectfully prays that this Court enter judgment in his favor and against all Defendants, jointly and severally where applicable, and grant the following relief:

**A. Compensatory Damages:** Compensatory damages against all Defendants in an amount to be determined by the jury for all injuries, including emotional distress, anxiety, humiliation, loss of dignity, chilling of protected rights, reputational harm, and all direct and consequential damages proximately caused by Defendants' unconstitutional conduct;

**B. Punitive Damages:** Punitive damages against each individual Defendant (in their individual capacities) in an amount sufficient to punish and deter the willful, malicious, and reckless disregard for Plaintiff's constitutional rights;

**C. Declaratory Relief:** A declaratory judgment under **28 U.S.C. §§ 2201 and 2202** that Defendants' conduct as alleged herein violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and under the Texas Constitution;

**D. Injunctive Relief:** Preliminary and permanent injunctive relief requiring Defendants to: (i) cease all retaliatory conduct against Plaintiff; (ii) implement policies and training to prevent future constitutional violations; (iii) comply with the Texas Public Information Act and Attorney General rulings; (iv) preserve all evidence relevant to this action; and (v) submit to monitoring by this Court to ensure compliance;

**E. Attorneys' Fees and Costs:** Reasonable attorneys' fees and costs under **42 U.S.C. § 1988**, recognizing that Plaintiff is currently proceeding *pro se* but reserves the right to retain counsel and seek fees for all work performed in prosecution of this action;

**F. Pre- and Post-Judgment Interest:** Pre- and post-judgment interest at the highest lawful rate;

**G. Further Relief:** Such other and further relief as this Court deems just and proper.

# IX. JURY DEMAND

*Pro Se* Plaintiff Abubakarr A. Conteh Sr. hereby demands a trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

# X. VERIFICATION UNDER 28 U.S.C. § 1746

I, Abubakarr A. Conteh Sr., *Pro Se* Plaintiff, declare under penalty of perjury under the laws of the United States of America that the factual allegations set forth in this Complaint are true and correct to the best of my personal knowledge, information, and belief, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

This verification is made in accordance with 28 U.S.C. § 1746.

Executed on: ___April 13,_____, 2026

Signature: _____

Abubakarr A. Conteh Sr., *Pro Se* Plaintiff

## XI. PRO SE PLAINTIFF'S SIGNATURE AND CERTIFICATE OF SERVICE

Respectfully submitted,

/s/ Abubakarr A. Conteh Sr.

_____

**ABUBAKARR A. CONTEH SR.**

*Pro Se* Plaintiff

5731 Colchester Drive

Prosper, TX 75078

Telephone: (240) 672-1138

Email: wardogs80thplatoon@yahoo.com

Dated: _____, 2026

# CERTIFICATE OF SERVICE

I, Abubakarr A. Conteh Sr., *Pro Se* Plaintiff, hereby certify that on _____, 2026, I served a true and correct copy of this *Pro Se* Plaintiff's Original Complaint, Jury Demand, and Request for Declaratory and Injunctive Relief, together with all accompanying documents, upon each Defendant by the following method:

***Service on the Town of Prosper:***

Via Certified Mail, Return Receipt Requested, and/or personal delivery to:

Town of Prosper, Texas
C/O Town Manager's Office
250 W. First Street, Prosper, TX 75078

And via it's registered agent and/or legal counsel:

Brown & Hofmeister, LLP
740 East Campbell Road, Suite 800
Richardson, TX 75081

***Service on Individual Defendants:***

Via Certified Mail, Return Receipt Requested, and/or U.S. Marshal Service pursuant to Fed. R. Civ. P. 4(c)(3):
Each individual Defendant at his or her last known address, care of the Prosper Police Department, 801 N. Coleman Street, Prosper, TX 75078.

/s/ Abubakarr A. Conteh Sr.

Abubakarr A. Conteh Sr., *Pro Se* Plaintiff